1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDREY TURNER, | CASE NO.    1:12-cv-907-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| DURAN, et al., | |
| Defendants.                      / | |

Plaintiff Undrey Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 4, 2012.  (Compl., ECF No. 1.)  No other parties have appeared in the action.  Plaintiff's Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim.  Plaintiff will be given leave to amend.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

-1-

1  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

2  thereof, that may have been paid, the court shall dismiss the case at any time if the court

3  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5      A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.

9  Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

11  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

12  Facial plausibility demands more than the mere possibility that a defendant committed

13  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

14  Id. at 1949-50.

15  **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

16      Plaintiff is currently housed at California Substance Abuse Treatment Facility.

17  Plaintiff was previously housed at California State Prison-Corcoran ("CSP-Corcoran"),

18  where the events at issue in his Complaint occurred.  Plaintiff alleges that the following

19  individuals violated the Eighth Amendment by failing to protect him: 1) Duran, correctional

20  officer at CSP-Corcoran, 2) Smith, correctional officer at CSP-Corcoran, and 3) Maganya,

21  correctional officer at CSP-Corcoran.

22      Plaintiff alleges as follows:

23      On September 13, 2011, Defendants Duran and Smith transferred a new cell-mate

24  into Plaintiff's cell in the Secure Housing Unit.  (Compl. at 3 and 5.)  Defendants Duran and

25  Smith knew that pursuant to California Code of Regulations, title 15, § 3345, they were to

26  properly search Secure Housing Unit inmates before transferring them, but they failed to

27  strip search Plaintiff's new cell-mate.  (Id. at 4.)  The new cell-mate, was armed with a

28  homemade weapon at the time of transfer and he stabbed Plaintiff, while Plaintiff was

1  handcuffed, when introduced into Plaintiff's cell.  (Id. at 5.)  Defendant Maganya aided
2  Defendants Duran and Smith in the transfer process by opening various cell doors from
3  a control booth.  (Id.)

4        Plaintiff asks for compensatory damages.

5  **III.**   **ANALYSIS**

6        **A.**   **42 U.S.C. § 1983**

7        42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
8  privileges, or immunities secured by the Constitution and laws' of the United States."
9  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §
10  1983 is not itself a source of substantive rights, but merely provides a method for
11  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94,
12  109 S. Ct. 1865 (1989).

13        To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
14  a right secured by the Constitution or laws of the United States was violated, and (2) that
15  the alleged violation was committed by a person acting under the color of state law.  See
16  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
17  (9th Cir.1987).

18        **B.**   **Eighth Amendment - Failure to Protect**

19        The Eighth Amendment protects prisoners from inhumane methods of punishment
20  and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041,
21  1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison
22  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
23  personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986),
24  abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit
25  v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming
26  from unsafe conditions of confinement, prison officials may be held liable only if they acted
27  with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d
28  1124, 1128 (9th Cir. 1998).

1    The deliberate indifference standard involves an objective and a subjective prong.

2    First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." <u>Farmer</u>

3    <u>v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991));

4    <u>Johnson v. Lewis</u>, 217 F.3d 726, 734 (9th Cir. 2000).  A deprivation is sufficiently serious

5    when the prison official's act or omission results "in the denial of the minimal civilized

6    measure of life's necessities." <u>Farmer</u>, 511 U .S. at 834 (quoting <u>Rhodes v. Chapman</u>, 452

7    U.S. 337, 347 (1981)).  Second, the plaintiff must make a subjective showing that the

8    prison official knew of and disregarded an excessive risk to an inmate's health or safety.

9    <u>Id.</u> at 837; <u>Johnson</u>, 217 F.3d at 734.

10    Plaintiff has not met the requirements for an Eighth Amendment failure to protect

11    claim.  Plaintiff has alleged that there was a substantial risk of harm because the new cell-

12    mate possessed a weapon when he was transferred to Plaintiff's cell.  However, Plaintiff

13    does not allege that Defendants were actually aware of the danger that the inmate posed

14    to Plaintiff.  Instead, Plaintiff only alleges that they **should** have been aware because a

15    regulation requires them to search Secure Housing Unit inmates prior to transfer.  The

16    existence of a regulation governing the conduct of prison employees does not necessarily

17    create a right for Plaintiff to sue civilly to enforce the regulations or for damages for their

18    violation.  Plaintiff has cited to no authority suggesting the existence of an implied private

19    right of action under Title 15, and the Court finds no such authority or right.. <u>See Chappell</u>

20    <u>v. Perrez</u>, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); <u>Lamon v. Cate</u>, 2011 WL

21    773046, *9 (E.D. Cal. Feb. 28, 2011).  Plaintiff cannot base his Eighth Amendment claim

22    on the violation of Title 15 regulations.  Plaintiff has failed to show that Defendants acted

23    with deliberate indifference to an obvious risk to Plaintiff's safety.  Plaintiff's allegations

24    allege nothing more than negligence on the part of Defendants in failing to conduct a

25    proper search of the attacking inmate..

26    Plaintiff has failed to state a cognizable Eighth Amendment claim.  He will be given

27    leave to amend to assert other and additional facts, if they exist, in support of a plausible

28    deliberate indifference claims under the guidelines set out above.

-4-

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.    The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's Complaint, filed June 4, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.    Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    September 28, 2012            /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE