# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDREY TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DURAN, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　／ | CASE NO.  1:12-cv-907-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(ECF No. 16)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

　　　Plaintiff Undrey Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Plaintiff initiated this action on June 4, 2012. (ECF No. 1.) No other parties have appeared in the action. The Court screened Plaintiff's Complaint and dismissed it with leave to amend for failure to state a claim. (ECF No. 15.) Plaintiff has since filed a First Amended Complaint. (Am. Compl., ECF No. 16.) Plaintiff's First Amended Complaint is now before the Court for screening.

　　　For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state a claim and recommends that Plaintiff's action be dismissed with prejudice for failure to state a claim.

///
///

-1-

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at California Substance Abuse Treatment Facility. Plaintiff previously was housed at California State Prison-Corcoran ("CSP-Corcoran"), where the events at issue in his First Amended Complaint occurred.  Plaintiff alleges that the following individuals violated the Eighth Amendment by failing to protect him and California tort laws by acting with negligence: 1) Duran, correctional officer at CSP-Corcoran, 2) Smith, correctional officer at CSP-Corcoran, and 3) Maganya, correctional officer at CSP-Corcoran.  All of the named Defendants work in the Secure Housing Unit

at CSP-Corcoran.

Plaintiff alleges as follows:

On September 13, 2011, Defendants Duran and Smith transferred a new cell-mate into Plaintiff's cell in the Secure Housing Unit without strip-searching the new cell-mate prior to the transfer. (Am. Compl. at 3.) Defendants Duran and Smith knew that California Code of Regulations and California Department of Corrections and Rehabilitation's Operational Procedures directed that they properly search Secure Housing Unit inmates before transferring them, but they failed to strip search Plaintiff's new cell-mate. (Id. at 3-4.) Plaintiff's new cell-mate stabbed Plaintiff after the transfer. (Id. at 3.) Defendant Maganya aided Defendants Duran and Smith in the transfer process by opening various cell doors from a control booth. (Id.)

Plaintiff asks for compensatory damages.

## III. ANALYSIS

### A. 42 U.S.C. § 1983

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### B. Eighth Amendment - Failure to Protect

As the Court previously informed Plaintiff, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of

confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

Plaintiff again fails to meet the requirements necessary to assert a cognizable Eighth Amendment failure to protect claim. Plaintiff has alleged that there was a substantial risk of harm because the new cell-mate possessed a weapon at the time of his transfer to Plaintiff's cell. However, Plaintiff does not allege that Defendants were actually aware of the danger that the inmate posed to Plaintiff. He alleges only that they **should** have been aware because a regulation directed them to search such Secure Housing Unit inmates prior to transfer. There are no facts plead which would support a claim that the failure to search reflected Defendants deliberate indifference to an obvious risk of harm to Plaintiff or anything more than perhaps simple negligence.

The existence of a regulation governing the conduct of prison employees does not

1 necessarily create a right for Plaintiff to sue civilly to enforce the regulations or for 2 damages for their violation. Plaintiff has cited to no authority suggesting the existence of 3 an implied private right of action under Title 15, and the Court finds no such authority or 4 right. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. 5 Cate, 2011 WL 773046, *9 (E.D. Cal. Feb. 28, 2011). Plaintiff cannot base his Eighth 6 Amendment claim on the violation of Title 15 regulations or on California Department of 7 Corrections and Rehabilitation procedures. Plaintiff has failed to show that Defendants 8 acted with deliberate indifference to an obvious risk to Plaintiff's safety.

9 Plaintiff has again failed to state a cognizable Eighth Amendment claim. Inasmuch 10 as he preciously was advised of the deficiencies in his pleading, given a chance to amend 11 to correct them, and shown a continuing inability to do so, no useful purpose would be 12 served in once again advising him of the defects and inviting further amendment. Plaintiff 13 will not be given further leave to amend this claim.

14 **C.    Negligence**

15 Plaintiff alleges that all of the named Defendants are liable for negligence based 16 on their failure to comply with Title 15 regulations and the Departmental Operations 17 Manual.

18 "Under California law, '[t]he elements of negligence are: (1) defendant's obligation 19 to conform to a certain standard of conduct for the protection of others against 20 unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a 21 reasonably close connection between the defendant's conduct and resulting injuries 22 (proximate cause); and (4) actual loss (damages).'" Corales v Bennett, 567 F.3d 554 572 23 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519, 530 (2008) (internal 24 quotations omitted)).

25 Based on Plaintiff's allegations regarding Defendants' failure to follow all 26 regulations and procedures when transferring Plaintiff's new cell-mate, it is possible 27 Plaintiff could state a negligence claim under California state law. However the Court 28 need not address the viability of Plaintiff's state law claim because it will not exercise

supplemental jurisdiction over any state law claim given Plaintiff's inability to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hod Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)).

Plaintiff fails to state a federal claim for failure to protect in violation of his Eighth Amendment rights. There being no foreseeable basis upon which Plaintiff could correct the defects in his claim and assert the alleged negligence as an independent federal civil rights cause of action, leave to amend would be wholly futile. Although he may not amend to try to assert such a claim in this Court, this claim will be dismissed without prejudice so that he may, if he wishes, attempt to pursue the claim in another appropriate forum.

## IV.     CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS the following:

1. Plaintiff's claim for failure to protect under the Eighth Amendment be dismissed with prejudice;
2. Plaintiff's state law negligence claim be dismissed without prejudice; and
3. Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within **fourteen (14) days** after being served with these Findings and

Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 29, 2012                /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE